UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-08846-JLS-AS          Date: November 19, 2024
Title: Dario Pulcini et al v. Ford Motor Company et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTION TO REMAND (Doc. 9)**

Before the Court is a Motion to Remand filed by Plaintiffs Dario Pulcini and Priscila Soto Bautista ("Plaintiffs"). (Mot., Doc. 9.) Defendant Ford Motor Company ("Defendant") opposed, and Plaintiffs responded. (Opp., Doc. 12; Reply, Doc. 13.) The Court finds this matter appropriate for decision without oral argument, and the hearing set for November 22, 2024, at 10:30 a.m. is VACATED. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Court GRANTS Plaintiffs' Motion.

I.      **BACKGROUND**

On July 24, 2024 Plaintiffs filed this action in California state court, alleging violations of California's Song-Beverly Act arising out of their 2023 purchase of a 2022 Ford Edge (the "Subject Vehicle"). (*See* Ex. 1 to Mot., Compl., Doc. 9-3.) Plaintiffs allege that they are "individuals residing in the City of Los Angeles, State of California" and that the approximate value for the Subject Vehicle is $59,632.59." (*Id.* ¶¶ 2, 8.) Plaintiffs seek "a civil penalty of up to two times the amount of actual damages." (*Id.* ¶ 33.) Plaintiffs served the Complaint on Defendant on August 2, 2024. (Proof of Service, Doc. 9-4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08846-JLS-AS                               Date: November 19, 2024
Title:  Dario Pulcini et al v. Ford Motor Company et al

On August 23, 2024, Defendant served discovery on Plaintiffs.  (Exs. C & D to Notice of Removal ("NOR"), Docs. 1-4, 1-5.)  On October 4, 2024, Plaintiffs served their initial responses to Defendant's Requests for Admission ("RFA") in which they admitted, among other things, that the total damages sought in the action exceeded $75,000 and that at the time Plaintiffs purchased the Subject Vehicle they were citizens of the State of California.  (Ex. E to NOR at 5, 6, Doc. 1-6.)

On October 14, 2024, 11 days after receiving Plaintiffs' responses to its RFAs, Defendant removed the action to this Court.  (NOR, Doc. 1.)  Defendant invoked this Court's diversity jurisdiction—contending that, given the vehicle's $59,632.59 approximate value and Plaintiffs' admission that at the time they purchased the Subject Vehicle they were citizens of California, the amount in controversy exceeds $75,000 and complete diversity of citizenship exists.  (*Id.* ¶¶ 9–20); *see* 28 U.S.C. § 1332(a)–(b). Defendant argued that removal was timely, because "the Complaint was not facially removable as Plaintiffs failed to plead an amount in controversy or Plaintiffs' citizenship" and Defendant sought to remove after its receipt of Plaintiffs' responses to its discovery requests.  (*Id.* ¶ 2.)  *See also* 28 U.S.C. § 1446(b)(1).

On October 24, 2024, Plaintiffs moved to remand to state court, arguing that Defendant's removal was untimely under section 1446(b)(1).[1]  (*See* Mot.)  Defendant opposes remand, stating that it "was unable to ascertain the … amount in controversy until Plaintiffs served their initial responses to [its] RFA's in which Plaintiffs admitted

---

[1] The Court GRANTS Plaintiffs' request that the Court take judicial notice of the public filings in the following actions: *Estes, Russell v. Ford Motor Company*, Case No. 3:24-cv-01609-JAH-MMP (S.D. Cal.); *Ryan Mead v. Ford Motor Company et al*, Case No. 5:24-cv-02124-SSS-DTB (C.D. Cal.); *Lopez v. Ford Motor Company*, Case No. 3:24-cv-06705-JD (N.D. Cal.); *Shelly F. Simonich et al v. Ford Motor Company*, Case No. 2:24-at-01296 (E.D. Cal.).  (*See* Plaintiffs' Request for Judicial Notice ("RJN"), Doc. 13-2.)  A court may judicially notice court documents that are already in the public record or have been filed in other courts.  *See Reyn's Pasta Bella, LLC v. Visa USA Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08846-JLS-AS                                   Date: November 19, 2024
Title:  Dario Pulcini et al v. Ford Motor Company et al

that the total amount of damages [sought] exceeds $75,000." (Opp. at 9.) Nor could Defendant "ascertain Plaintiffs' citizenship until October 4, 2024, when Plaintiffs admitted to being citizens of California in their responses to Ford's RFAs." (*Id.* at 10.)

In reply in support of their motion to remand, Plaintiffs filed a request for judicial notice of four Notices of Removal and their supporting papers filed by Defendant in four pending actions in district courts across California. (*See* RJN; Estes NOR, Doc. 13-3; Mead NOR, Doc. 13-4; Lopez NOR, Doc. 13-5; Simonich NOR, Doc. 13-6.) In all four Notices, Defendant removed under section 1446(b)(1) and relied on allegations in the complaints as to where plaintiffs "reside[d]" to contend that diversity of citizenship was established. (*See* Estes NOR ¶ 11; Compl. ¶ 2, *Estes v. Ford Motor Co.*, No. 3:24-cv-01609 (S.D. Cal. 2024); Mead NOR, ¶ 18; Compl. ¶ 2, *Mead v. Ford, Motor Co.*, No. 5:24-cv-02124 (C.D. Cal. 2024); Lopez NOR, ¶ 36; Compl. ¶ 2, *Lopez v. Ford Motor Co.*, No. 3:24-cv-06705 (N.D. Cal. 2024); Simonich NOR ¶ 37; Compl. ¶ 2, *Simonich v. Ford Motor Co.*, No. 2:24-cv-02845 (E.D. Cal. 2024); *see also* RJN.) Defendant also relied on plaintiffs' claims for actual damages as to the approximate value of their subject vehicle and/or a civil penalty two times the amount of actual damages so as to establish that the amount in controversy exceeded $75,000. (*See* Estes NOR ¶ 9; Mead NOR, ¶¶ 12–13; Lopez NOR, ¶¶ 23–24; Simonich NOR ¶¶ 23–25; *see also* RJN.)

## II.   LEGAL STANDARD

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a)–(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332. Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08846-JLS-AS                                      Date: November 19, 2024
Title:  Dario Pulcini et al v. Ford Motor Company et al

1039, 1042 (9th Cir. 2009).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  See 28 U.S.C. § 1332(a).  However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter*, 582 F.3d at 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (cleaned up)).  Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

   A notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).  In other words, "[S]ection 1446(b) identifies two thirty-day periods for removing a case."  *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010).  "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'"  *Id.* (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).  "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained."  *Id.* (cleaned up).  The "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'"  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).  Sworn discovery responses received from another party in the pending litigation constitute "other paper" within the meaning of 28 U.S.C. § 1446(b) from which a party may properly be put on notice that a case is or has become removable.  See *Riggs v. Continental Baking Co.*, 678 F. Supp. 236, 238 (N.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-08846-JLS-AS | Date: November 19, 2024 |
| Title:  Dario Pulcini et al v. Ford Motor Company et al | |

1998).  "If the notice of removal was untimely, a plaintiff may move to remand the case back to state court."  *Carvalho*, 629 F.3d at 884.

### III.  ANALYSIS

Plaintiffs base their Motion on only one argument—that Defendant's removal was untimely because it came more than 30 days after Plaintiffs served Defendant with the Complaint, from which removability was "clear and ascertainable[.]"  (Mot. at 6.)

As to the amount-in-controversy, Plaintiffs assert that because the Complaint specified that the Subject Vehicle had an approximate value of $59,632.59 and sought restitution and civil penalties in an amount two times the actual damages it was clear from the face of the Complaint that the amount in controversy is at least $75,000.  (Mot. at 11.)  The Court agrees.  The approximate value of the Subject Vehicle—$59,632.59—plus double that amount in civil penalties—a total of $136,596.72—easily exceeds the $75,000 threshold before adding incidental damages, costs, and attorneys' fees.  (*See* Compl. at 10.)  The Complaint thus "made it unequivocally clear and certain that the amount in controversy exceeded $75,000 in this action."  *Grajeda v. Nissan N. Am., Inc.*, 2024 WL 3462350, at *3 (C.D. Cal. July 17, 2024) (Staton, J.) (finding that the amount in controversy could be determined from the face of a complaint where plaintiff sought damages in excess of $50,000 and civil penalties in an amount two times plaintiff's actual damages) (internal quotation and citation omitted).

As to diversity of citizenship, Plaintiffs assert that because they "pleaded that they are individuals residing in the City of Los Angeles, State of California" the removability of the action was clear from the face of the Complaint.  (Mot. at 7.)  Defendant counters that the Notice of Removal was timely because it was filed within 30 days of its receipt of Plaintiffs' responses to its RFAs, in which Plaintiffs for the first time "admitted to being citizens of California."  (Opp. at 10.)  Specifically, citing *Harris v. Bankers Life*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08846-JLS-AS                                    Date: November 19, 2024
Title:  Dario Pulcini et al v. Ford Motor Company et al

*and Casualty Co.*, 425 F.3d 689 (9th Cir. 2005), Defendant argues that a complaint does not trigger the first thirty-day window for removal when it discloses only a plaintiff's residency, not citizenship.

However, as explained in *Ervin v. Ballard Marine Construction*, 2016 WL 4239710, at *3 (N.D. Cal Aug. 11, 2016), "Harris is distinguishable because the complaint in that case only listed the plaintiff's former residence, and had no facts regarding residency or citizenship at the time the complaint was filed."  And courts in the Central District, including this Court, have found that diversity jurisdiction exists based on allegations of residency.  *See, e.g., Longoria v. Ford Motor Co.*, 2022 WL 16961482 at *3 (C.D. Cal. Nov. 16, 2022) (Staton, J.).  This is consistent with the rule that, for purposes of removal based on diversity of citizenship, a plaintiff's state of residence is presumptively considered to be their state of citizenship.  *See Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020).

In addition, Plaintiffs assert that Defendant "has previously conceded and argued in unrelated matters that diversity is achieved by citing to [language in a complaint stating only where plaintiff(s) resided.]"  (Mot. at 7.)  Plaintiffs contend that Defendant relies on language like that in Paragraph 2 of Plaintiffs' Complaint "only when it is convenient for it to do so; and then in a complete about-face, question[s] the reliability of virtually the same language when Plaintiff has taken issue with the timeliness of the instant removal."  (Mot. at 7–8.)

The Court notes that Defendant has filed a notice of removal based on language like that in Paragraph 2 of Plaintiffs' Complaint in at least four other actions.  (*See* Estes NOR; Mead NOR; Lopez NOR; Simonich NOR.)  In each of these cases, Defendant removed under section 1446(b)(1) and relied on allegations in the complaints as to where plaintiffs "reside[d]" to contend that diversity of citizenship was established.  (*See* Estes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-08846-JLS-AS                                         Date: November 19, 2024
Title:  Dario Pulcini et al v. Ford Motor Company et al

NOR ¶ 11; Estes Compl. ¶ 2; Mead NOR, ¶ 18; Mead Compl. ¶ 2; Lopez NOR, ¶ 36; Lopez Compl. ¶ 2; Simonich NOR ¶ 37; Simonich Compl. ¶ 2; *see also* RJN.)   Other Courts in this district have recently granted motions to remand in cases where a defendant argued that language "d[id] not make removability unequivocally clear and certain" in one case and then "argued the opposite … in a slew of other cases." *Bryant v. Nissan N. Am., Inc.*, 2024 WL 3220713, at *2 (C.D. Cal. June 28, 2024); *see also Hauffen v. Nissan N. Am., Inc.*, 2024 WL 3462347, at *5 (C.D. Cal. July 15, 2024).  The Court agrees with Plaintiffs that Defendant cannot have it both ways.

The Court therefore rejects Defendant's contention that its thirty-day window to file the Notice of Removal opened upon receipt of Plaintiffs' amended discovery responses, rather than upon receipt of Plaintiffs' Complaint.  (Opp. at 9–10.)  The thirty-day removal period commenced when Defendant received Plaintiffs' Complaint on August 2, 2024, and expired before Defendant's October 14, 2024 Notice of Removal.  (*See* Proof of Service; *see also* NOR.)  Therefore, because Defendant's Notice of Removal was untimely, the Motion to Remand is GRANTED.

**IV.   CONCLUSION**

For the above reasons, the Court GRANTS Plaintiffs' Motion.  The matter is REMANDED to the Los Angeles Superior Court, Case No. 24VECV03471.

Initials of Deputy Clerk: kd